# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8797 | **DATE** | December 18, 2002 |
| **CASE TITLE** | BAB Systems, Inc. and BAB, Inc. v. UNK, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss or to Transfer Case

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse side of this Minute Order, this Court DENIES defendants' motion to dismiss [8-1] and DENIES their motion to transfer [8-2] to the Northern District of Iowa, with leave to refile if the circumstances so permit.

(11) ■ [For further detail see memorandum and opinion order attached to original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | 02 DEC 19 PM 3:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 2 0 2002

BAB SYSTEMS, INC. and BAB, INC. )
)
      Plaintiffs, )
) No. 02 C 8797
v. )
) HONORABLE DAVID H. COAR
UNK, INC, et al., )
)
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

BAB Systems, Inc. and BAB, Inc. ("Plaintiffs") sue UNK, Inc., and Robert, Peter, and Sarah Stonskas ("Defendants") for breach of contract and trademark infringement under federal and state law. Defendants move to dismiss Plaintiffs' complaint against it pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. In the alternative, pursuant to 28 U.S.C. § 1404(a), Defendants move to transfer this case to a United States District Court sitting in Iowa. For the following reasons, this Court DENIES Defendants' motion to dismiss and DENIES their motion to transfer.

### Background

Plaintiffs are Illinois corporations with their principal places of business in Chicago, Illinois. Defendant UNK, Inc. is an Iowa corporation with its principal place of business in Waterloo, Iowa. Defendants Robert, Peter, and Sarah Stonskas are individuals residing in Iowa. BAB Systems operates a franchise distribution system pursuant to which franchisees are licensed to operate retail stores specializing in the sale of bagels, cream cheeses, muffins, coffee, and related food items under various trademarks and service marks including, but not limited to, "Big

Apple Bagels," "Brewster's," and "My Favorite Muffin." BAB, Inc. is a holding company that is the sole shareholder of BAB Systems, Inc. BAB, Inc. owns the various trademarks and service marks that it has licensed to BAB Systems for use in connection with BAB Systems' franchising business. On February 21, 1997, BAB Systems entered into a franchise agreement with UNK, an Iowa corporation whose sole shareholders were Robert, Peter, and Sarah Stonskas. On May 11, 1998, BAB Systems entered into two other franchise agreements with UNK, and Sarah and Robert Stonskas. Each of the contracts contained a "Governing Law/Consent to Jurisdiction" clause in which the parties consented to be governed by Illinois law and to jurisdiction in any state or federal court of general jurisdiction in the State of Illinois.

## Discussion

The plaintiff bears the burden of establishing facts showing personal jurisdiction over the defendants. Steel Warehouse of Wisc., Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998). In this case, Plaintiffs claim two independent bases for jurisdiction: 1) the forum selection clauses in the franchise agreements; and 2) the Illinois Long-Arm Statute. Defendants argue that the forum selection clause is void under section 523H.3 of the Iowa Franchise Act, which states "A provision in a franchise agreement restricting jurisdiction to a forum outside this state is void with respect to a claim otherwise enforceable under this chapter." The Court need not address this issue, however, because it has jurisdiction over defendants under the Illinois Long-Arm Statute.

*Personal Jurisdiction Under the Illinois Long-Arm Statute*

In a diversity action, a federal court will have personal jurisdiction over a defendant only if an Illinois state court would have jurisdiction. Hyatt Intern. Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir.1997). An

Illinois state court has jurisdiction over the case if the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 (2002), grants jurisdiction, jurisdiction is consistent with the Illinois constitution, and if jurisdiction over the defendants complies with the due process requirements of the federal constitution. Plaintiffs contend this Court has personal jurisdiction over defendants under section 5/209(a)(7): "The making or performance of any contract or promise substantially connected with this State."

Plaintiffs argue that the franchise agreements that Defendants entered into with Plaintiffs are substantially connected with Illinois. Namely, Plaintiffs are Illinois corporations with principal places of business in Chicago, Illinois; the franchise agreements were not effective until executed in Illinois; the franchise agreements contain an arbitration clause naming Chicago, Illinois as the forum; the defendants are required to make royalty payments to Illinois; and the parties agreed to an Illinois choice of law and an Illinois forum selection clause.[1]

There are three common factors courts examine to determine whether or not a defendant transacted business in Illinois for the purposes of personal jurisdiction. These factors are: (1) who initiated the transaction; (2) where the contract was entered into; (3) where the performance of the contract was to take place. Viktron Ltd. Partnership v. Program Data, Inc., 326 Ill.App.3d 111, 117-18 (2d Dist. 2001). Further, a "fourth factor, where the contract was negotiated . . . is clearly relevant." Id. In this case, it is obvious that at the time of the alleged contract, the parties would have contemplated that the contract to be performed would be connected substantially to Illinois.

---

[1] That the forum selection and/or choice of law provision ultimately may be unenforceable, see infra note 3, has no bearing on whether the Defendants purposefully availed themselves to the forum state for specific personal jurisdiction purposes.

Defendants initiated contact with BAB Systems at its Chicago offices and they expressed interest in a Big Apple Bagels franchise. Soon after, Defendants Robert, Peter, and Sarah Stonskas visited Chicago and met with various BAB Systems personnel to discuss the Big Apple Bagels franchise offering. That meeting took place at BAB Systems office in Chicago. After the meeting in Chicago, Defendants again contacted BAB Systems at its offices in Chicago and indicated that they wanted to proceed with the acquisition of a Big Apple Bagels franchise. BAB Systems transmitted a franchise agreement to the Stonskases for signature, they signed it and returned it to BAB Systems in Chicago for signature. The agreement did not become effective until executed in Illinois by BAB Systems.

The principal benefit to BAB Systems under the franchise agreements was the right to receive royalty income from Defendants. Section 8 of the franchise agreements contemplated weekly payments of fees to BAB Systems in Illinois. Defendants also were required to submit weekly gross revenue reports and quarterly and annual financial statements. Finally, pursuant to the franchise agreements, Defendants attended training sessions in Chicago on at least two separate occasions. This Court finds that the requirements for asserting jurisdiction in Illinois clearly are satisfied under (a)(7) of the long-arm statute, and it is therefore able to assert personal jurisdiction over Defendants for Plaintiffs' claims arising from the franchise agreements according to Illinois law.[2] See also Continental Bank N.A. v. Everett, 964 F.2d 701, 703 (7th Cir. 1992) (upholding personal jurisdiction over defendant under 2-209(a)(7) where "the

---

[2] Because Illinois courts have held that the long-arm statute is narrower in scope than the constitutional due process test, by satisfying the requirements of the Illinois long-arm statute, Plaintiffs necessarily satisfy the "minimum contacts" test set forth in International Shoe and its progeny. See Rose v. Franchetti, 979 F.2d 81, 85 (7th Cir. 1992); Cont'l Bank N.A. v. Everett, 742 F.Supp. 508, 512 (N.D. Ill 1990) (citing Arthur Young & Co. v. Bremer, 197 Ill.App.3d 30, 35 (1990); Green v. Advance Ross Elecs. Corp., 86 Ill.2d 431, 436-37 (1981)).

documents recite that they were delivered and executed in Illinois, the loan was to be repaid in Illinois, and the guarantors agreed that Illinois law would govern).

*Motion to Transfer*

In the alternative, pursuant to §1404(a), Defendants move to transfer this case to an Iowa federal district court. Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As there are several considerations involved in this determination, including the enforceability of the forum selection clause and the applicable choice of law,[3] it is premature at this point to determine the convenience of the parties and/or witnesses. Even if the forum selection clause is invalid, that simply means that the appropriate forum is determined by applicable law, including *forum non conveniens*. This Court therefore DENIES Defendants' § 1404(a) motion with leave to refile if the circumstances so permit and after the parties have briefed the issue more thoroughly.

---

[3] The Court notes that, while Defendants argue that the forum selection clause is void, neither party discussed in their briefs whether federal law or state law (and which state law) governs the enforceability and/or validity of this forum selection clause. Further, although the franchise agreements state Illinois law governs, the Defendants rely on the Iowa Franchise Act, and it is unclear whether Illinois or Iowa state law applies in this case. See Wright-Moore Corp. v. Ricoh Corp., 908 F.2d 128 (7th Cir. 1990) (upholding application of Indiana franchise law notwithstanding a New York choice of law provision).

## Conclusion

For the foregoing reasons, this Court DENIES defendants' motion to dismiss for lack of personal jurisdiction [8-1], and DENIES their motion to transfer [8-2] to a federal district court in Iowa, with leave to refile if the circumstances so permit.

Enter:

*[signature]*

David H. Coar
United States District Judge

Dated: December 18, 2002